**In the Matter of America L. McALPIN, Respondent.**

**No. 45S00–0907–DI–336.**

Supreme Court of Indiana.

Sept. 8, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent maintained an attorney trust account that was not clearly identified as such on checks and other documents, and she did not maintain appropriate records of the account's activity. She deposited personal funds into the account and paid personal expenses from it. In 2005, the account became overdrawn by $528.50 because she had used funds in the account to pay a personal expense. She used personal funds to correct the negative balance and restore client funds to the account. Respondent has sought help in understanding and managing her trust account and fully cooperated with the Commission.

**Violations:** The parties agree that Respondent violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rules:

1.15(a): Failure to hold property of clients properly in trust.

1.15(c): Failure to deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred.

Ind. Admission and Discipline Rules:

23(29)(a)(1): Failure to keep clients' funds in clearly identified trust account.

23(29)(a)(2) and (3): Failure to maintain proper records for trust account activities.

23(29)(a)(4): Commingling client funds with other funds of the attorney or firm.

**Discipline:** The Court, having considered the submissions of the parties, now APPROVES and ORDERS the following agreed discipline:

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning as of the date of this order, all stayed subject to completion of at least one year of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall attend an ethics seminar on trust account management.

(2) Respondent shall have her trust account monitored by a CPA, who will report quarterly to the Commission regarding Respondent's compliance with applicable rules.

(3) Respondent shall comply with all rules governing professional conduct.

(4) If Respondent violates her probation, the Commission will seek revocation of her probation and request the stayed suspension be actively served without automatic reinstatement.

Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1). The costs of this proceeding are assessed against Respondent.

All Justices concur.